IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MYRANDA BAKER                                                       PLAINTIFF

v.                                         CIVIL NO. 22-3056

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Myranda Baker, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on November 7, 2019, alleging an inability to work since April 25, 2019, due to pain, IBS (irritable bowel syndrome), depression, anxiety, migraines with sensitivity to light, and an overactive bladder. (Tr. 89-90, 346, 348). An administrative video hearing was held on October 28, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 34-75).

By written decision dated November 23, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found Plaintiff had the following severe impairments: cervicalgia, cervical

radiculopathy, myelopathy, bilateral carpal tunnel syndrome, sensitization disorder, anxiety, panic attacks, depressive disorder, insomnia, chronic pain syndrome, occipital neuralgia, sacroiliac joint inflammation, and fibromyalgia. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally push and pull bilaterally; she can occasionally reach overhead, and frequently reach in all other directions bilaterally; she can frequently handle and finger bilaterally. The claimant can occasionally stoop, kneel crouch, crawl and balance. She can occasionally climb ramps and stairs, and can never climb ladders, ropes, or scaffolds. She should avoid exposure to vibration, unprotected heights, hazardous machinery, extreme cold, extreme heat, humidity and noise. She should avoid concentrated exposure to dust, odors, fumes, and pulmonary irritants. The claimant can perform simple routine work; she can have frequent interaction with supervisors and coworkers, and occasional interaction with members of the public. She can remain on task for two hours at a time, and can perform work in a workplace with no more than occasional changes in the routine work setting.

(Tr. 16-17). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a collator operator, a photocopy machine operator, and a routing clerk. (Tr. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on September 12, 2022. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 17).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) Remand is necessary as there is an apparent conflict between the RFC determination and the jobs identified by the vocational expert that Plaintiff can perform; and 2) the ALJ's decision is unsupported by substantial evidence. (ECF No. 15). Defendant argues the ALJ properly considered all of the evidence and the decision is supported by substantial evidence. (ECF No. 17).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. Before relying on vocational expert evidence to support a determination that there are a significant number of jobs in the national economy that a claimant can perform, the ALJ has an affirmative responsibility to ask about "any possible conflict" between the vocational expert testimony and the Dictionary of Occupational Titles (DOT), and to obtain an explanation for any such conflict. *Renfrow v. Colvin*, 496, F.3d 918, 920-21 (8th Cir. 2007); *see* Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000). In this case, upon the ALJ's request, the vocational expert identified the possible conflict between the overhead reaching requirement in the RFC and in the jobs identified. (Tr. 69). Based on her "28 years of experience in the vocational field," the vocational expert testified that the jobs

identified - collator operator, photocopy machine operator and routing clerk - would not require frequent overhead reaching. (Tr. 72). This is sufficient to resolve the apparent conflict. *See Twyford v. Comm'r,Soc.Sec.*, 929 F.3d 512, 519 (8th Cir. 2019) (recognizing "[t]he DOT definitions do not specifically address overhead reaching, but the VE testified based on her own experience that the jobs do not require it."). The Court finds substantial evidence supporting the ALJ's Step Five determination.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 17th day of October 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE